**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | |
|---|---|
| OUACHITA WATCH LEAGUE;<br>NEWTON COUNTY WILDLIFE ASSOCIATION;<br>SHAWN PORTER; G. THOMAS MCKINNEY;<br>DAVID REAGAN; SUSAN GATELEY;<br>ROBERT B. LEFLAR and SARAH MAY LEFLAR,<br>individually and as natural parents and guardians of<br>SARAH HELEN LEFLAR, a minor; JOHN ISON;<br>KIMBERLY ISON; BILLY LINDSEY;<br>CAROL LINDSEY; JAMES MITCHELL;<br>RUTH MITCHELL; and JOHN LAWRENCE POFF | PLAINTIFFS |

v.                                        No. 4:11CV00425 JLH

| | |
|---|---|
| JUDITH L. HENRY, Forest Supervisor,<br>Ozark-St. Francis National Forests;<br>UNITED STATES FOREST SERVICE;<br>DEPARTMENT OF AGRICULTURE;<br>DEPARTMENT OF THE INTERIOR, Bureau of<br>Land Management; DEPARTMENT OF DEFENSE,<br>United States Army Corps of Engineers, Little Rock<br>District; and UNITED STATES DEPARTMENT<br>OF THE ARMY | DEFENDANTS |

**ORDER**

The Court has reviewed the Rule 26(f) reports submitted by the parties, as well as the plaintiffs' motion to compel filing of the administrative record. It appears that the parties agree that this action is brought under the authority of the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.*, and that review is generally limited to the administrative record. Nevertheless, the parties disagree on the timing and sequence of the filing of the administrative record and various motions that may precede or follow that filing. The defendants contend that the administrative record cannot be compiled until after they have had an opportunity to file a motion to dismiss. This is because, they say, the complaint only brings a programmatic challenge divorced from a challenge to specific final agency actions, which is prohibited by the Administrative Procedure Act. Because it is unclear

what final agency actions, if any, the plaintiffs challenge, the defendants contend that their motion to dismiss must be resolved before they can compile and lodge an administrative record for each of the challenged decisions. As that argument appears to have merit, the Court adopts the following schedule:

1. The defendants must file a motion to dismiss on or before February 24, 2012. The plaintiffs may file a response as provided in Local Rule 7.2.

2. The defendants must lodge the administrative record on or before the 28th day after the Court enters a decision resolving the motion to dismiss, should the Court deny the motion to dismiss in whole or in part.

3. The plaintiffs may file a motion for summary judgment no later than the 28th day after the defendants lodge the administrative record.

4. The defendants may file a combined cross motion for summary judgment and in opposition to the plaintiffs' motion for summary judgment no later than the 28th day after the plaintiffs file their motion for summary judgment.

5. The plaintiffs will file their combined opposition to the defendants' cross motion for summary judgment and reply in support of the plaintiffs' motion for summary judgment no later than the 21st day after the defendants file their combined cross motion for summary judgment and in opposition to the plaintiffs' motion for summary judgment.

6. The defendants will file their reply in support of their combined cross motion for summary judgment 21 days after the plaintiffs file their combined cross motion for summary judgment and in opposition to the plaintiffs' motion for summary judgment.

The defendants say in their Rule 26(f) report that the present action is related to an action styled *Ozark Society v. U.S. Forest Service*, No. 4:11CV00782-SWW, and the two actions should be consolidated. The defendants note that the plaintiff in *Ozark Society* has filed a motion for preliminary injunction, while the plaintiffs in this action also contemplate filing a motion for preliminary injunction. The defendants argue that judicial economy favors consolidating the two actions so that only one hearing on a motion for preliminary injunction will be conducted.

General Order No. 39 provides, in pertinent part, that if a party other than the plaintiff believes a new case should be directly assigned to a judge who handled a prior closely related case, that party should file a notice of related case with its first pleading. The defendants filed their first pleading in *Ozark Society* but did not file a notice of related case. More importantly, *Ozark Society*, despite being the later filed action, is more advanced in one critical respect. In that action, a motion for preliminary injunction was filed with the complaint on October 31, 2011. The defendants were served in early November of 2011. By order entered on November 22, 2011, the Honorable Susan Webber Wright set a hearing on the motion for preliminary injunction for March 1, 2012. In the present action, however, no motion for preliminary injunction has been filed. Consolidating *Ozark Society* with this case, which was the earlier-filed case, would disrupt the schedule in *Ozark Society* and result in the postponement of the preliminary injunction hearing. Moreover, according to the defendants, the Court lacks jurisdiction in this action and must rule on a motion to dismiss (which has not been filed) before addressing the action on the merits, whereas the *Ozark Society* action is scheduled for hearing on a preliminary injunction in the near future.

The motion to compel filing of the administrative record is therefore granted. Document #15. The defendants must file the administrative record, and the parties must file their respective motions and briefs, pursuant to the schedule set forth above.

IT IS SO ORDERED this 3rd day of February, 2012.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE