**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

OUACHITA WATCH LEAGUE;                                                                              PLAINTIFFS
NEWTON COUNTY WILDLIFE ASSOCIATION;
SHAWN PORTER; G. THOMAS MCKINNEY;
DAVID REAGAN; SUSAN GATELEY;
ROBERT B. LEFLAR and SARAH MAY LEFLAR,
individually and as natural parents and guardians of
SARAH HELEN LEFLAR, a minor; JOHN ISON;
KIMBERLY ISON; BILLY LINDSEY;
CAROL LINDSEY; JAMES MITCHELL;
RUTH MITCHELL; and JOHN LAWRENCE POFF

v.                                            No. 4:11CV00425 JLH

JUDITH L. HENRY, Forest Supervisor,
Ozark-St. Francis National Forests;
UNITED STATES FOREST SERVICE;
DEPARTMENT OF AGRICULTURE;
DEPARTMENT OF THE INTERIOR, Bureau of
Land Management; DEPARTMENT OF DEFENSE,
United States Army Corps of Engineers, Little Rock
District; and UNITED STATES
DEPARTMENT OF THE ARMY                                                                              DEFENDANTS

**ORDER**

The defendants have filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). They have appended to their motion declarations by Bruce Dawson, Joe Craig, and Judith L. Henry. They have also filed some 1200 pages of documents in support of the motion. In response, the plaintiffs have renewed their motion to compel filing of the administrative record, contending that the entire administrative record should be submitted to the Court if part of it is going to be submitted. The defendants reply, as they have done in the past, that they cannot compile an administrative record until it is determined what final agency actions are being challenged. As the Court has previously

determined, that argument appears to have merit, so the Court will not order the defendants to file the administrative record unless and until the motion to dismiss is denied.

The threshold issue is whether the Court has jurisdiction, so the 12(b)(1) motion must be considered before the Court can address the motion under 12(b)(6). *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994). "When a party challenges subject matter jurisdiction, the Court is given the authority to resolve factual disputes, along with the discretion to devise a method for making a determination with regard to the jurisdictional issue." *Id*. Such a procedure may include allowing further discovery. *Id*. *See also Budde v. Ling-Temco Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975). A refusal to grant discovery constitutes an abuse of discretion if the denial results in prejudice to a litigant. *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002). *Cf. Johnson v. United States*, 534 F.3d 958, 964 (8th Cir. 2008).

Here, as noted, the defendants rely for their motion on three declarations and some 1200 pages of documents. Because the defendants' argument that the Court lacks jurisdiction is based on evidence outside of the pleadings, in fairness, the plaintiffs should be given an opportunity to conduct discovery on the jurisdictional issues. The defendants say, in opposing the motion to compel filing the administrative record, that the documents filed in support of their motion are public records that may be obtained by any person in response to an appropriate request. In light of that assertion, they can hardly object to providing further documents in discovery pursuant to the Federal Rules of Civil Procedure. Likewise, having submitted testimony in the form of declarations under penalty of perjury, they cannot now object to answering questions regarding the facts asserted in that testimony.

Therefore, the plaintiffs are given leave to conduct discovery on the matters asserted by the defendants in the exhibits to the motion to dismiss. Such discovery must be completed within 90 days

from the entry of this Order. The renewed motion to compel the filing of the administrative record and for additional time to respond to the motion to dismiss is granted in part and denied in part. Document #21. The motion to compel filing the administrative record is denied. The motion for additional time to respond to the motion to dismiss is granted. Plaintiffs must respond to the motion to dismiss within 110 days from the entry of this Order.

IT IS SO ORDERED this 1st day of May, 2012.

                                                                              *J. Leon Holmes*

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE