IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| OUACHITA WATCH LEAGUE;<br>NEWTON COUNTY WILDLIFE ASSOCIATION;<br>SHAWN PORTER; G. THOMAS MCKINNEY;<br>DAVID REAGAN; SUSAN GATELEY;<br>ROBERT B. LEFLAR and SARAH MAY LEFLAR,<br>individually and as natural parents and guardians of<br>SARAH HELEN LEFLAR, a minor; JOHN ISON;<br>KIMBERLY ISON, BILLY LINDSEY;<br>CAROL LINDSEY; JAMES MITCHELL;<br>RUTH MITCHELL; and JOHN LAWRENCE POFF | | PLAINTIFFS |
| v. | No. 4:11-cv-00425 KGB | |
| JUDITH L. HENRY, Forest Supervisor,<br>Ozark-St. Francis National Forests;<br>UNITED STATES FOREST SERVICE;<br>DEPARTMENT OF ARGRICULTURE;<br>DEPARTMENT OF THE INTERIOR, Bureau of<br>Land Management; DEPARTMENT OF DEFENSE,<br>United States Army Corps of Engineers, Little Rock District;<br>and UNITED STATES DEPARTMENT OF THE ARMY | | DEFENDANTS |

**ORDER**

Defendants move to consolidate this action with *Ozark Society v. United States Forest Service et al.*, 4:11-cv-00782 SWW, before Judge Susan Webber Wright (Dkt. No. 30). Plaintiffs did not respond to defendants' motion. For the reasons that follow, defendants' motion to consolidate is denied.

I.    **Background and Procedural History**

Plaintiffs in the present action and *Ozark Society* challenge the United States Forest Service's ("USFS") and the Bureau of Land Management's ("BLM") administration of oil and gas resources in the Ozark-St. Francis National Forest. Plaintiffs in this action filed their complaint for declaratory and injunctive relief against USFS and BLM, among other defendants,

on May 19, 2011. The Ozark Society filed its complaint against USFS and BLM on October 31, 2011. Both actions allege violations of the National Forest Management Act ("NFMA"), which requires the preparation of a forest management plan for each national forest, and the National Environmental Policy Act ("NEPA"), which requires that an Environmental Impact Statement accompany any major federal action, in connection with the USFS's September 21, 2010 Changed Conditions Analysis ("CCA") and accompanying Supplemental Information Report ("SIR"). The SIR, despite its forecast of increased natural gas exploration and development in the Ozark-St. Francis National Forest over the next ten years, found that a new forest management plan and a revised Environmental Impact Statement were not necessary.

After filing their complaint, plaintiffs in this action filed a motion to compel defendants to lodge the administrative record. Judge Holmes denied the motion to compel on February 3, 2012, giving defendants until February 24, 2012 to file a motion to dismiss and ordering that the administrative record be lodged within 28 days after a decision on the motion to dismiss.[1] Defendants filed their motion to dismiss on February 24, 2012. Plaintiffs responded by renewing their motion to compel filing of the administrative record. Judge Holmes denied the renewed motion to compel on May 1, 2012 but gave plaintiffs 90 days to conduct jurisdictional discovery "on the matters asserted by defendants in the exhibits" attached to the motion to dismiss. He ordered plaintiffs to respond to defendants' motion to dismiss by August 19, 2012. Defendants filed their motion to consolidate this case with *Ozark Society* on July 17, 2012. To date, plaintiffs have not filed a response to defendants' motion to dismiss.

The Ozark Society filed a motion for preliminary injunction along with its complaint. Defendants answered and filed a motion to dismiss. Judge Wright denied the motion for

---

[1] This case was transferred from Judge Holmes's docket to this Court's docket on May 17, 2012.

preliminary injunction on March 23, 2012. Ozark Society responded to the motion to dismiss and, on June 15, 2012, filed a motion to conduct jurisdictional discovery or in the alternative to consolidate the case with the present action. Defendants responded to that motion and filed a separate motion to consolidate the cases before Judge Wright.

II.     Analysis

Federal Rule of Civil Procedure 42 governs consolidation of cases. It provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for a hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). Defendants contend that consolidation is appropriate because both actions assert similar challenges to the same program of oil and gas development and request similar relief, namely a declaration that the program of oil and gas development is contrary to law and an injunction preventing further gas exploration and development in the area. They further argue that the procedural posture of the cases requires consolidation before Judge Wright.

Although consolidation may be appropriate, the Court sees no reason or basis from which to depart from General Order 39, which provides, without exception, for the assignment of consolidated cases to the judge with the lower case number. The cases cited by defendants for the proposition that a judge may depart from General Order 39 in the name of judicial economy are distinguishable. In *United States v. Todd*, 245 F.3d 691 (8th Cir. 2001), and *LaFrance Holdings, Inc. v. Sorensen*, 278 F.R.D. 429 (E.D. Ark. 2011), the United States removed a civil case filed by a criminal defendant to federal court. Rather than go into the draw, as required by Local Rule 40.1, the removed case was assigned to the district judge presiding over the criminal case. The judge retained the removed case rather than elevate form over substance by requiring a motion for consolidation. Thus, the case went to the judge who would have presided over it

had the proper procedure been followed. Defendants here seek the opposite result. They request consolidation before Judge Wright when application of General Order 39 would result in assignment of the consolidated cases to this Court. Therefore, the cases cited by defendants are distinguishable.

The Court does not find persuasive the notion that since Judge Wright "issued a detailed Order carefully setting out the common factual scenario and ruling on the merits of the common claims," consolidation before Judge Wright would promote judicial economy. While it is true that the "primary purpose of General Order 39 is to promote judicial economy . . . in those cases where a particular judge had devoted considerable time and effort to become familiar with [the] issues," *Arkansas Blue Cross & Blue Shield v. St. Vincent Infirmary Medical Center*, 2007 WL 3024481 (E.D. Ark. 2007), defendants should not be permitted to seek consolidation before Judge Wright based on her consideration of a motion for preliminary injunction decided favorably to defendants.

### III. Conclusion

Defendants have not presented any authority that persuades this Court to deviate from General Order 39. Accordingly, their motion to consolidate this action with *Ozark Society v. United States Forest Service et al.*, 4:11-cv-00782 SWW, before Judge Susan Webber Wright (Dkt. No. 30) is denied.

SO ORDERED this 31 day of October, 2012.

Kristine G. Baker
United States District Judge